IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| FRANCINE WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 06-2093 |
| vs. ) | |
| ) | PLAINTIFF'S BRIEF IN |
| HAWKEYE COMMUNITY COLLEGE, ) | RESISTANCE TO DEFENDANT'S |
| ) | MOTION TO DISMISS |
| Defendant. ) | |
| ) | |

COMES NOW the above-named Plaintiff, pursuant to LR 7.1(e), and for her Statement of grounds and authority in Resistance to Defendant's Motion to Dismiss and Strike states as follows:

Plaintiff plead claims under 42 U.S.C. §2000, 42 U.S.C. §1981 and Iowa Code Chapter 216 and later amended her complaint to bring claims alleging violations of the affirmative action requirements within state and federal law as well as to conform the lawsuit to include 42 U.S.C. §1983. Defendant previously moved to dismiss the 42 U.S.C. §1981 claim. Plaintiff resisted based on the 1991 amendment to the federal civil rights act stating that the plain language of the amendment no longer required the use of 42 U.S.C. §1983. The court rejected this argument but allowed plaintiff to amend her complaint. Plaintiff amended her complaint consistent with the Court's order. The defendant seeks again to dismiss the §1981 claim and to dismiss the claims for violations of affirmative action and any claims for damages beyond two years prior to the filing of the lawsuit for claims brought per §1983.

The issues before the Court are 1) whether the Court intended to dismiss the 42 U.S.C. § 1981 claim from the entire lawsuit and whether the plaintiff has now properly plead, per notice

1

pleading, a claim for violations of 42 U.S.C. § 1981 independent of, or based on, 42 U.S.C. § 1983; 2) the proper statute of limitations for a violation of 42 U.S.C. § 1981, and 3) whether there is an implied cause of action under Executive Order 11246 or Iowa Code Chapter 19B.

### DISMISSAL OF SECOND CAUSE OF ACTION - 42 U.S.C. § 1981

Contrary to the claims of defendant, the plaintiff amended her complaint consistent with the Court's order and included reference to 42 U.S.C. §1983 both in the introduction and in a separate claim referring back to Count II. This is consistent with notice pleading and prior pleadings used by plaintiff's counsel and other lawyers by referring to a claim under 42 U.S.C. §1983.

Plaintiff requests that Count II be reinstated or the that Court provide instruction as to what more needs to be done under notice pleading to satisfy the pursuit of Count II. If, the Court's dismissal of Count II was not intended to dismiss a claim under 42 U.S.C §1981 completely, then plaintiff asks for guidance from the Court on this matter.

Counsel also requests that Count II be reinstated as its own claim. The 1991 amendment to 42 U.S.C. §1981 provides that the claim should stand, on its own, without 42 U.S.C. §1983. Arguments below and the U.S. Supreme Court's analysis in the *R.R. Donnelley* case (discussed below) also support the plaintiff's contention that a claim under 42 U.S.C. §1981, stands on its own for actions taken under color of state law.

### STATUTE OF LIMITATIONS – 42 U.S.C. §1981.

There is now a four year statute of limitations for claims under 42 U.S.C. § 1981. The U.S. Supreme Court held in *Jones v. R.R. Donnelley & Sons Co¸* 124 S. Ct. 1836, 1845-1846 (2004) that the four year statute of limitations enacted by congress applies to all claims under 42

U.S.C. § 1981. The Court held that the four year statute enacted by congress was specifically to deal with issues of inconsistent application of state statutes of limitations previously resolved in other Supreme Court cases in including *Wilson v. Garcia,* the case that originally held that all §1983 cases are to use the state personal injury statute of limitations. The Court in *R.R. Donnelley* held:

> In *Board of Regents of Univ. of State of N.Y. v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 64 L.Ed.2d440 (1980), we observed that Congress' failure to enact a uniform statute of limitations applicable to federal causes of action created a "void which is commonplace in federal statutory law." Over the years that void has spawned a vast amount of litigation. Prior to the enactment of § 1658, the "settled practice was to adopt a local time limitation as federal law if it [was] not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U.S. 261, 266-267, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Such "[l]imitation borrowing," *Board of Regents v. Tomanio,* 446 U.S., at 484, 100 S.Ct. 1790, generated a host of issues that required resolution on a statute-by-statute basis. For example, it often was difficult to determine which of the forum State's statutes of limitations was the most appropriate to apply to the federal claim. We wrestled with that issue in *Wilson v. Garcia,* in which we considered which state statute provided the most appropriate limitation principle for claims arising under 42 U.S.C. § 1983. 471 U.S., at 268, 276-279, 105 S.Ct. 1938 (resolving split of authority over whether the closest state analogue to an action brought under § 1983 was an action for tortious injury to the rights of another, an action on an unwritten contract, or an action for a liability on a statute). Before reaching that question, however, we first had to determine whether the characterization of a § 1983 claim for statute of limitations purposes was an issue of state or federal law and whether all such claims should be characterized in the same way. *Ibid.* Two years later, in *Goodman v. Lukens Steel Co.,* we answered the same three questions for claims arising under § 1981. 482 U.S., at 660, 661-662, 107 S.Ct. 2617. Both decisions provoked dissent [FN8] and further litigation. [FN9]

*R.R. Donnelly at 1842-1843.*

The Court went on to discuss the continued problems of state statute borrowing after *Wilson v. Garcia*, 471 U.S. 261 (1985). The Court held that the 28 U.S.C. § 1658 was intended to solve all those issues. *R.R. Donnelley* at 1843-1845. The Court held that the 4 year statute applied to any claim made possible by the 1991 amendment to the Civil Rights Acts.

3

The Court held that claims for hostile environment, wrongful termination and failure to transfer were some of the types of claims made possible by the 1991 amendment to 42 U.S.C. § 1981. Ms. Williams has claims made possible by the 1991 amendments to 42 U.S.C. §1981.

Plaintiff also renews the claim that 42 U.S.C. §1981 now exists independently from 42 U.S.C. § 1983. The Court in *R.R. Donnelley* stated, "It is recognized that liability under §1981 *was expanded, because this Court had spoken on the scope of §1981* and Congress reversed the Court's interpretation in the Civil Rights Act of 1991." *R.R. Donnelley* at 1846 fn. 17. Congress therefore also expanded the power of §1981 beyond what the U.S. Supreme Court had determined regarding the need to use §1983.

Therefore, in addition to the plain language of 42 U.S.C. §1981, the Court's discussion in *Donnelley* makes it clear that Congress meant what it said by the amendment of 42 U.S.C. §1981. There is a separate claim against state actors under color of state law for violations of 42 U.S.C. §1981 and that for such claims, a four year statute of limitations applies per 28 U.S.C. §1658.

**THIRD CAUSE OF ACTION – AFFIRMATIVE ACTION CLAIMS**

Plaintiff has made factual allegations of a failure to follow the policies and duties under its affirmative action requirements as evidence of discrimination. (See, *Milburn v. West*, 854 F.Supp. 1, 13 (D.D.C. 1994) -- violations of affirmative action policy can be evidence of intent or pretext) However, plaintiff believes that in addition to using the failures of such policies as *evidence* showing violations of Chapter 216 or Title VII, there are added legal duties under Iowa Code 19B and Executive Order 11246 that either create a separate cause of action regardless of any alleged violations of Title VII, 42 U.S.C. §1981, or Iowa Code Chapter 216 and which place

added legal burdens upon this defendant. The issue before this Court is not whether violations of those laws or policies are relevant evidence, but whether they create a *separate* cause of action *regardless* of any violations of separate civil rights laws.

Iowa Code Chapter 19B or Executive Order requires affirmative steps to prevent (current discrimination and past discrimination) and to correct the effects of past discrimination or current discrimination. Those laws prevent considering race as a factor in any way and can even allow race as a factor to benefit minorities under certain circumstances. (*See generally, Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265 (1978), *Grutter v. Bollinger*, 123 S.Ct. 2325 (2003))

While most of the litigation surrounding affirmative action has concerned issues of how an employer may use the ultimate power of affirmative action, i.e. the consideration of race as a factor to benefit minorities, the vast majority of the power of Affirmative Action is the duty of an employer or school to take steps to prevent race or gender from operating as a barrier long prior to the final decision point of hiring, promotion or termination. The purpose of taking affirmative action is to *prevent,* the need to consider race as a factor by taking all the necessary steps before the final decision to make certain race did not act as a barrier in any way leading to the final decision. *Iowa Code 19B.1*.

It is plaintiff's position that the rights and duties under affirmative action place added burdens upon a defendant that create a cause of action implied from the statute or to the extent adverse employment action against the plaintiff would serve to frustrate the important public policy within that Code Section and that those claims are not preempted by Iowa Code Chapter 216 or Title VII.

5

Implied Cause of Action or Public Policy Violation

The questions for implying a cause of action in this case are whether Iowa Code Chapter 19B creates a duty, whether that duty is owed to plaintiff and whether the duty was breached. The other question is whether there is any evidence of legislative intent to deny a private cause of action. (*Engstrom v. State of Iowa*, 461 N.W. 2d 309, 315-316 (Iowa 1990) A claim for wrongful discharge can also be created to the extent that discharge frustrates an important public policy in this State. *Springer v. Weeks and Leo Co., 429 N.W.2d 558, 560 (Iowa 1988)*

Francine Williams is a black female and who is within the protected class that affirmative action policies were originally intended to benefit. Iowa Code Chapter 19B lays out the general duty to take affirmative steps to overcome the effects of past or current discrimination and to prevent barriers to equal employment opportunity. The statute also provides for sanctions for the failure of that duty thereby suggesting the legislature intended for the statute to be more than providing lip service to the prevention of discrimination. A claim pursuant to Iowa Code Chapter 19B can be inferred from the statute and the rights granted under the statute or inferred from the importance of the public policy contained within 19B.

Preemption

The preemption of Iowa Code Chapter 216 applies to claims where that statute already provides a remedy for the same claim. *(See, Mitchell v .Iowa Protection & Advoacy Services, Inc.* , 325 F.3d 1011, 1015 (8th Cir 2003), citing *Greenland v. Fairtron Corp.*, 500 N.W. 2d 36, 38 (Iowa 1993). In those cases the claim was for retaliation for complaining of discrimination or for acts of discrimination, i.e. a claim for which Iowa Code Chapter 216 provides a remedy. The Court in *Greenland* considered preemption when it is necessary to *prove discrimination* to

be successful. *Greenland* at 38. Therefore, to the extent Iowa Code Chapter 19B requires proof of discrimination of the exact kind and nature already covered by Iowa Code Chapter 216, it is likely preempted by Iowa Code Chapter 216 and would only be relevant to show failures of policy or duty that would make it more or less likely that a violation of Iowa Code Chapter 216 occurred.

While plaintiff does not believe that the duties within 19B are preempted by Chapter 216, for the purposes of this motion, if defendant agrees that the duties within 19B are in fact preempted by 216, then plaintiff agrees that the Court should dismiss the separate claims under Iowa Code Chapter 19B and Executive Order 11246 and plaintiff will simply pursue evidence of any rights, duties or violations of same through discovery and trial as part of the overall claims of discrimination.

WHEREFORE, plaintiff requests that the Motion to dismiss or strike, be granted as to an independent causes of action under 19B and Executive Order 11246 to the extent defendant is claiming those causes of action are preempted and therefore included within Iowa Code Chapter 216, Title VII or 42 U.S.C. §1981, but dismissed as to the other claims made by defendant and that the Court reverse its earlier ruling dismissing Count II and requiring that plaintiff use 42 U.S.C. §1983 as a conduit to bring a claim under Count II against defendant.

FIEDLER & NEWKIRK, P.L.C.

\_\_\_/s/ Thomas A. Newkirk_____
Thomas A. Newkirk  PK1015132
tnewkirk@fiedlernewkirk.com
2900 – 100th Street, Suite 209
Urbandale, IA 50322
Telephone:  (515) 254-1999
Fax:  (515) 254-9923
ATTORNEYS FOR PLAINTIFF

Jim DeKoster
Beth Hansen
SWISHER & COHRT, P.L.C.
528 W. 4th Street
P.O. Box 1200
Waterloo, IA 50704

> **ELECTRONIC PROOF OF SERVICE**
>
> The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein through electronic means through CourtWatch and/or their respective email addresses disclosed on the pleadings on March 12, 2007, by:
>
> Signature: **/s/ Fiedler & Newkirk**