**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

FRANCINE WILLIAMS,

    Plaintiff,

vs.

HAWKEYE COMMUNITY COLLEGE,

    Defendant.

No. 06-CV-2093-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

| | | |
|---|---|---:|
| *I.* | *INTRODUCTION* | *2* |
| *II.* | *PROCEDURAL BACKGROUND* | *2* |
| | *A. Petition* | *2* |
| | *B. First Motion* | *2* |
| | *C. Amended Complaint* | *3* |
| | *D. Second Motion* | *3* |
| *III.* | *JURISDICTION* | *4* |
| *IV.* | *MOTION TO DISMISS* | *4* |
| | *A. Standard* | *4* |
| | *B. Count II* | *5* |
| | *C. Count III* | *5* |
| | *D. Count IV* | *6* |
| |    *1. Allegations* | *6* |
| |    *2. Arguments* | *8* |
| |    *3. Analysis* | *9* |
| *V.* | *MOTION TO STRIKE* | *15* |
| *VI.* | *CONCLUSION* | *16* |

## I. INTRODUCTION

The matter before the court is Defendant Hawkeye Community College's Partial Motion to Dismiss and Strike Amended Complaint (docket no. 15) ("Second Motion").

## II. RELEVANT PROCEDURAL BACKGROUND

### A. Petition

On November 27, 2006, Plaintiff Francine Williams filed a two-count Petition against Defendant in the Iowa District Court in and for Black Hawk County. In Count I, Plaintiff alleged "Race Discrimination and Retaliation," in violation of 42 U.S.C. § 2000e, *et. seq.* In Count II, Plaintiff alleged a "Violation of [C]ontractual [R]ights [D]ue to [R]ace," in violation of 42 U.S.C. § 1981. On December 14, 2006, Defendant removed the Petition to this court, pursuant to 28 U.S.C. §§ 1331 and 1441.

### B. First Motion

On January 13, 2007, Defendant filed a Partial Motion to Dismiss (docket no. 6) ("First Motion"). On February 21, 2007, the court dismissed Count II of the Petition, because it failed to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). The court held that, because Defendant is a state actor, Plaintiff was required to enforce her § 1981 rights through 42 U.S.C. § 1983. *See, e.g.*, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) (holding that § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor"); *Lockridge v. Bd. of Trustees of the Univ. of Ark.*, 315 F.3d 1005, 1007 (8th Cir. 2003) (en banc) ("[A] claim alleging a violation of § 1981 may not be brought directly against a state actor, but must be brought under § 1983."); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998) ("A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983."). The court dismissed Count II without prejudice, however, and granted Plaintiff leave to file an amended complaint within ten days. *Cf. Lockridge*, 315

2

F.3d at 1007 (liberally construing a complaint that alleged a § 1981 claim against a state actor as a § 1983 claim).

### C. Amended Complaint

On February 22, 2007, Plaintiff filed a four-count Amended Complaint against Defendant. In Count I, Plaintiff alleges "Race Discrimination and Retaliation," in violation of Title VII, 42 U.S.C. § 2000e, *et. seq.* In Count II, Plaintiff alleges a "Violation of [C]ontractual [R]ights [D]ue to [R]ace," in violation of 42 U.S.C. § 1981. In Count III, Plaintiff alleges a "Violation of Rights [G]ranted under Federal and State [L]aw to [A]ffirmative [A]ction to [P]revent [R]ace from [O]perating as a [B]arrier to [E]qual [E]mployment," in violation of Executive Order 11246,[1] Iowa Code chapter 17A (2003), Iowa Code chapter 19B and Iowa Code section 260C.29. In Count IV, Plaintiff alleges a "Violation of Rights [G]ranted under Federal [L]aw under [C]olor of [S]tate [L]aw," in violation of 42 U.S.C. § 1983.

### D. Second Motion

On March 2, 2007, Defendant filed the Second Motion. In the Second Motion, Defendant asks the court to dismiss Counts II, III and IV of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also asks the court to strike certain allegations from the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

On March 5, 2007, the court granted the Second Motion in part and dismissed Count II of the Amended Complaint. *See* Order (docket no. 16), at 1. The court reiterated that § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett*, 491 U.S. at 736. The court ordered Plaintiff to respond to the remainder of the Second Motion

---

[1] Exec. Order No. 11,246, 30 Fed. Reg. 12319 and 30 Fed. Reg. 12935 (Sept. 24, 1965) (Equal Employment Opportunity), *available at* 1965 WL 7913.

3

on or before March 12, 2007.

On March 12, 2007, Plaintiff filed a Resistance to the Second Motion. In the Resistance, Plaintiff resists the Second Motion in its entirety. She also asks the court to reinstate Count II of the Amended Complaint. Defendant did not file a Reply.

The Second Motion is fully submitted. Neither party requests oral argument, and the court finds that oral argument is not necessary.

### III. JURISDICTION

The court finds that it has subject-matter jurisdiction over the Amended Complaint. The court has jurisdiction over all counts pursuant to 28 U.S.C. §§ 1331 and 1367(a). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *id.* § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy."). *But see id.* § 1367(c) (granting district courts discretion to decline to exercise supplemental jurisdiction over state law claims under certain circumstances).

### IV. MOTION TO DISMISS

#### A. Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the district court to dismiss a claim if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing the Second Motion, the court is required to view the allegations in the Amended Complaint in the light most favorable to Plaintiff, the nonmoving party. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The court must accept all the factual allegations in the Amended Complaint as true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002); *Mo. River Sys. Litig.*, 418 F.3d at 917. The court may "dismiss the case only when it appears beyond [a] doubt that the plaintiff can

4

prove no set of facts in support of [her] claim which would entitle [the plaintiff] to relief." *Mo. River Sys. Litig.*, 418 F.3d at 917 (internal quotations omitted). "The issue is not whether the plaintiff will ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Thus, "as a practical matter, [dismissal under Rule 12(b)(6) is likely to be granted] only in the unusual case in which a plaintiff includes allegations that show, on the face of the [Amended Complaint], that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

### B. Count II

In Count II, Plaintiff alleges a "Violation of [C]ontractual [R]ights [D]ue to [R]ace," in violation of 42 U.S.C. § 1981. As indicated, the court already granted the Second Motion in part and dismissed Count II of Plaintiff's Amended Complaint, because § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett*, 491 U.S. at 735.

In her Resistance, Plaintiff asks the court to reinstate Count II.[2] The court denies this request for the same reasons expressed in the court's February 11, 2007 Order (docket no. 11), at 2-4, and March 5, 2007 Order (docket no. 16), at 1.

### C. Count III

In Count III, Plaintiff alleges a "Violation of Rights [G]ranted under Federal and State [L]aw to [A]ffirmative [A]ction to [P]revent [R]ace from [O]perating as a [B]arrier to [E]qual [E]mployment," in violation of Executive Order 11246 and three Iowa statutes,

---

[2] The court notes that Plaintiff's request, which is essentially a motion to reconsider, does not comply with the Local Rules. "A resistance to a motion may not include a separate motion or cross-motion by the responding party." LR 7.1(e). "Any separate motion or cross-motion must be filed separately as a new motion." *Id.*

namely, Iowa Code chapter 17A, Iowa Code chapter 19B and Iowa Code section 260C.29. In the Second Motion, Defendant asks the court to dismiss Count III pursuant to Rule 12(b)(6), because it fails to state a claim upon which relief may be granted. Defendant contends that Executive Order 11246 and the three Iowa statutes do not create private rights of action. In the alternative, Defendant argues that the Iowa Civil Rights Act of 1965 ("ICRA"), Iowa Code chapter 216, preempts any cause of action under the three Iowa statutes.

The court holds that neither Executive Order 11246 nor any of the three Iowa statutes creates a private right of action. *See, e.g.*, *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1284-86 (9th Cir. 1987) (holding Executive Order 11246 does not create a private right of action); *Cohen v. Ill. Inst. of Tech.*, 524 F.2d 818, 822 n.4 (7th Cir. 1975) (same); *Weise v. Syracuse Univ.*, 522 F.2d 397, 411 n.23 (2d Cir. 1975) (same); *Morris v. Amalgamated Lithographers of Am., Local One*, 994 F. Supp. 161, 171-72 (S.D.N.Y. 1998) (same); Iowa Code § 17A.1(2) ("This chapter is not meant to alter the substantive rights of any person or agency."). In any event, in her Resistance, Plaintiff concedes that ICRA preempts any claims under the three Iowa statutes and affirmatively requests that the court grant the Second Motion with respect to Count III. *See* Resistance (docket no. 17), at 7; *cf. Smidt v. Porter*, 695 N.W.2d 9, 17 (holding ICRA preempted plaintiff's wrongful discharge claim for pregnancy discrimination).

Accordingly, the court grants the Second Motion with respect to Count III.

### D. Count IV

#### 1. Allegations

In Count IV, Plaintiff alleges a "Violation of Rights [G]ranted under Federal [L]aw under [C]olor of [S]tate [L]aw," in violation 42 U.S.C. § 1983. In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

6

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation and internal quotation marks omitted).

In Count IV, Plaintiff claims that Defendant violated § 1983 when it engaged in conduct in violation of Executive Order 11246, Iowa Code chapter 17A, Iowa Code chapter 19B and Iowa Code section 260C.29. In her Resistance, however, Plaintiff asks the court to dismiss Count IV "to the extent that her § 1983 claims are premised on Executive Order 11246 [and] rights granted under state law . . . ." Motion (docket no. 15-2), at 5. The court agrees that such portions of Count IV fail to state a claim upon which relief may be granted and dismisses them pursuant to Rule 12(b)(6).

In Count IV, Plaintiff also claims that Defendant violated § 1983 when it engaged in conduct in violation of § 1981. The Eighth Circuit Court of Appeals has succinctly summarized the scope and history of § 1981 as follows:

> Section 1981 guarantees to all persons in the United States "the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a) (1994). In *Patterson v. McLean Credit Union*, 491 U.S. 164, 179-80 (1989), the Supreme Court concluded that § 1981 covered "only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." Consequently, the Court held that § 1981 did not cover racial harassment by an employer that occurred after the inception of the employment relationship. *Id.* at 176-77. In response to *Patterson*, Congress amended § 1981 through the Civil Rights Act of 1991 [("1991 Act")], Pub. L. No. 102-166, 105 Stat. 1071. In doing so, Congress broadened the scope of the

7

> phrase "make and enforce contracts" to include "the making,
> performance, modification, and termination of contracts, and
> the enjoyment of all benefits, privileges, terms, and conditions
> of the contractual relationship." 42 U.S.C. § 1981(b) (1994).
> Thus, § 1981 provides protection for violations that occur from
> the inception until the conclusion of a contractual relationship.
> [*Skinner v. Maritz, Inc.*, 253 F.3d 337, 339 (8th Cir. 2001)].

*Turner v. Ark. Ins. Dep't*, 297 F.3d 751, 755-56 (8th Cir. 2002). In the Amended Complaint, Plaintiff appears to allege[3] that Defendant engaged in conduct in violation of § 1981 and thus violated § 1983, when Defendant (1) discriminated against Plaintiff on the basis of her race in making hiring, promotion and retention decisions and (2) retaliated against Plaintiff after she complained of racial discrimination, racial comments, racial harassment and race-based retaliation. *See* Amended Complaint (docket no. 14), at ¶¶ 6-47, 68-75. Further, it appears that Plaintiff alleges that Defendant took the following adverse actions against her employment: (1) "racial discrimination and a hostile work environment . . . during 2001, 2002 and 2003," Amended Complaint at ¶¶ 44(A); (2) a wrongful termination/failure to hire/or discriminatory transfer of her employment in August of 2003, *id.* at ¶¶ 26, 30-31, and 44(C-F)[4]; (3) a negative performance review "[i]n 2003," *id.* at ¶ 38; (4) a constructive discharge in January of 2004, *id.* at ¶¶ 39, 44(H); and (5) a failure to hire in April of 2006, *id.* at ¶¶ 40-42, 44H.

### 2. *Arguments*

In the Motion, Defendant asks the court to dismiss Count IV insofar as it is premised upon conduct that is alleged to have occurred outside the limitations period. Defendant argues that the statute of limitations is two years. Defendant points out that, in

---

[3] The Amended Complaint is not a model of clarity.

[4] In some places, the Amended Complaint appears to indicate that Defendant fired Plaintiff in August of 2003 and then rehired her into a different position, but, in other places, it appears that Plaintiff claims she was forcibly transferred to another position.

8

*Wycoff v. Menke*, 773 F.2d 983 (8th Cir. 1985), the Eighth Circuit Court of Appeals held that, in Iowa, "all [§ 1983] actions [are] governed by a two-year statute of limitations . . . ." 773 F.2d at 984 (citation omitted).

In her Resistance, Plaintiff does not dispute that, if a two-year statute of limitations applies, then most of her Amended Complaint must be dismissed. Rather, Plaintiff claims that *Wycoff* is no longer good law, because a subsequently enacted statute, 28 U.S.C. § 1658, now requires the court to apply a four-year statute of limitations to Count IV.

### 3. *Analysis*

Section 1983, like all of the Reconstruction Civil Rights Acts, does not contain a statute of limitations. In *Wilson v. Garcia*, the Supreme Court held that the statute of limitations for a § 1983 claim is generally the applicable state-law statute of limitations for personal-injury torts. 471 U.S. 261, 275-76 (1985); *see City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5 (2005) ("The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts.") (citing in part *Wilson*, 471 U.S. at 275-76). Because Iowa Code § 614.1(2) imposes a two-year statue of limitations for personal-injury actions, the Eighth Circuit Court of Appeals held in *Wycoff* that, in Iowa, "all [§ 1983] actions [are] governed by a two-year statute of limitations . . . ." *Wycoff*, 773 F.2d at 984 (citing *Wilson,* 471 U.S. at 275-76)). Accordingly, in the years after *Wycoff*, the court has consistently applied a two-year statute of limitations to various § 1983 claims in Iowa. *See, e.g., Waterman v. Nashua-Plainfield Cmty. Sch. Dist.*, 446 F. Supp. 2d 1018, 1025-26 (N.D. Iowa 2006) (holding that a § 1983 action asserting violations of equal protection and due process rights under the federal constitution was subject to a two-year statute of limitations); *DePugh v. Smith*, 880 F. Supp. 651, 659 (N.D. Iowa 1995) (similar).

After *Wilson* and *Wycoff*, however, Congress enacted 28 U.S.C. § 1658. Section 1658 imposes a catch-all, four-year statute of limitations for any "civil action arising under

an Act of Congress enacted after [December 1, 1990]." 28 U.S.C. § 1658. The fighting issue is whether Count IV "aris[es] under" an Act of Congress enacted after December 1, 1990.

Congress enacted § 1983 in 1871. Although Congress amended § 1983 in 1996, *see* Pub. L. 104-317, 110 Stat. 3853 (Oct. 19, 1996) (inserting provisions relating to immunity of judicial officers from injunctive relief), it is plain that Count IV does not "aris[e] under" such amendment. To the extent Count IV is a civil action "arising under" § 1983, then, it is not a civil action "arising under" an Act of Congress enacted after December 1, 1990. 28 U.S.C. § 1658. Rather, it is a civil action "arising under" an Act of Congress enacted in 1871.

Plaintiff contends that Count IV also "aris[es] under" § 1981, as amended by the 1991 Act. To fully understand Plaintiff's argument, an understanding of the Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), is necessary.

In *Jones*, the plaintiffs filed an action alleging violations of their rights against race discrimination directly under § 1981, as amended by the 1991 Act. 541 U.S. at 372. Specifically, the plaintiffs alleged wrongful-termination, hostile-work-environment and failure-to-transfer claims. *Id.* The Supreme Court held that these claims "ar[ose] under" the 1991 Act, because the 1991 Act "made possible" such claims. *Id.* at 382. The Supreme Court pointed out that, if the plaintiffs had filed their claims before the passage of the 1991 Act, such claims would have failed to state a cause of action under the original version of § 1981. *Id.* at 383. Before the passage of the 1991 Act, § 1981 did not protect employees from the discriminatory conduct of employers occurring after the formation of the employment relationship. *Id.* (discussing *Patterson v. McLean Credit Union*, 491 U.S. 164, 176-80 (1989) (holding that an employment action alleging wrongful discharge or hostile work environment did not state violations of the original version of § 1981, because

10

the action was based upon post-formation conduct)). Accordingly, in *Jones*, the Supreme Court held that the catch-all four-year statute of limitations in § 1658 applied to plaintiffs' § 1981 claims. *Id.*; *see also Jackson v. Homechoice, Inc.*, 368 F.3d 997, 999 (8th Cir. 2004) (holding that claims of racial discrimination and retaliation under § 1981 are subject to the four-year catchall of § 1658, because they arose under the 1991 Act).[5]

Under the *Jones* analysis, then, *if* Count IV were formally styled as a § 1981 claim, *then* § 1658 would require the court to apply a four-year statute of limitations to Count IV, insofar as Plaintiff alleges racial discrimination, harassment and retaliation. Such claims would have failed to state a claim upon which relief may be granted under the original version of § 1981, and, therefore, Count IV would "aris[e] under" the 1991 Act, which is "an Act of Congress enacted after [ December 1, 1990]." 28 U.S.C. § 1658.

The difference between *Jones* and the case at bar, of course, is that Count IV is formally styled as a § 1983 claim, not a § 1981 claim. Plaintiff argues that the reasoning applied in *Jones* to § 1981 claims applies with equal force here. Plaintiff contends that the 1991 Act "made possible" her § 1983 claim, because her § 1983 claim is predicated upon violations of § 1981, as amended by the 1991 Act. In other words, Plaintiff's § 1983 claim would not state a claim upon which relief could be granted if not for the passage of the 1991 Act. Accordingly, Plaintiff contends that § 1658, as construed in *Jones*, abrogates *Wycoff*'s statement that a two-year statute of limitations for § 1983 claims always applies in Iowa.

The Eighth Circuit Court of Appeals has not had the opportunity to reexamine *Wycoff* in light of § 1658 and *Jones*. In *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113 (2005), however, the Supreme Court suggested that *Wycoff* is no longer good

---

[5] Prior to *Jones*, the Eighth Circuit Court of Appeals held that § 1981 claims in Iowa were subject to the two-year Iowa limitations period for personal injury actions, notwithstanding the passage of § 1658. *Madison v. IBP, Inc.*, 257 F.3d 780, 797 (8th Cir. 2001) (citing in part *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-62 (1987)).

11

law. In *Abrams*, the plaintiff brought suit for damages under § 1983 for violations of his rights under the Telecommunications Act of 1996 ("TCA"), Pub. L. 104-104, 110 Stat. 56. In a footnote, the Supreme Court observed:

> The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts. [*Wilson*, 471 U.S. at 275]; *see also Owens v. Okure*, 488 U.S. 235, 240-241 (1989). . . . . It may be, however, that this limitations period does not apply to [the plaintiff's] § 1983 claim. In 1990, Congress enacted 28 U.S.C. § 1658(a) (2000 ed., Supp. II), which provides a 4-year, catchall limitations period applicable to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990. In [*Jones*,], we held that this 4-year limitations period applies to all claims "made possible by a post-1990 [congressional] enactment." [541 U.S. at 382]. Since the claim here rests upon violation of the post-1990 TCA, § 1658 would seem to apply.

*Abrams*, 544 U.S. at 123 n.5.

The court holds that, under the plain language of § 1658 and the Supreme Court's holding in *Jones*, a four-year statute of limitations applies to those portions of Count IV alleging racial discrimination, harassment and retaliation. *See United States v. Egenberger*, 424 F.3d 803, 805 (8th Cir. 2005) ("The district court does not continue to be bound by prior interpretations of the law that are contrary to the Supreme Court's most recent announcement."); *Wis. Bell, Inc. v. Pub. Serv. Comm'n of Wis.*, 57 F. Supp. 2d 710, 714 (W.D. Wis. 1999) (stating that district courts "are not bound by a court of appeals' decision that has been undermined by a subsequent decision of the Supreme Court"). These portions of Count IV "aris[e] under" the 1991 Act. In the words of *Jones* and *Abrams*, these portions of Count IV are "made possible" by or "rest[] upon" a violation of the 1991 Act. In other words, were it not for the 1991 Act, the portions of Count IV alleging racial discrimination, harassment and retaliation would fail to state a claim under § 1983.

12

Further support for the court's conclusion is found in *Jones*. In *Jones*, the Supreme Court stated that it was interpreting the term "arising under" in § 1658 in a manner "consistent with [its] interpretations of the term 'arising under' as it is used in statutes governing the scope of federal subject matter jurisdiction." 541 U.S. at 382-83. "Arise" means "come into being" "originate" or "spring up." *Id.* at 382 (citations, footnotes and internal quotation marks omitted). The Supreme Court warned that the term "arising under" in § 1658 should not be interpreted as "something akin to 'based solely upon.'" *Id.* at 383.

Under such formulations of the "arising under" standard, those portions of Count IV alleging racial discrimination, harassment and retaliation "aris[e] under" the 1991 Act. Such portions of Count IV "c[a]me into being," "originate[d]" and "spr[a]ng up" from the 1991 Act, because without the 1991 Act, they would fail to state a claim upon which relief could be granted. It does not matter that Count IV is formally styled as a § 1983 claim. When discussing the limits of federal subject matter jurisdiction, the Supreme Court has repeatedly held that a cause of action may "aris[e] under" a given federal law, even if it is not formally styled as a claim that seeks relief under such law. *See, e.g., Grable & Sons Metal Prods.*, 545 U.S. 308, 312 (2005) (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)); *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, No. 06-CV-0053-LRR, 2007 WL 1058561, *23-25 (N.D. Iowa Mar. 30, 2007) (holding that four state law claims were claims "arising under" federal law pursuant to the *Grable* doctrine). Defendant's reliance upon *Wycoff* belies an unduly narrow interpretation of the term "arising under" that is inconsistent with the Supreme Court's interpretation of such term in *Jones*. To hold that a § 1658 could never apply to a § 1983 claim would effectively and impermissibly interpret "arising under" as "based solely upon."[6]

---

[6] At least one other court has reached the same result, albeit without any analysis.
(continued…)

In sum, insofar as Plaintiff claims racial discrimination, harassment and retaliation in Count IV, the court holds that a four-year statute of limitations applies. 28 U.S.C. § 1658; 42 U.S.C. § 1983; *id.* § 1981. Because such claims appear to be premised on conduct allegedly occurring after November of 2002, the court shall deny the Second Motion in relevant part.[7]

That said, even the Supreme Court's relatively expansive construction of § 1658 cannot save the remainder of Count IV, namely, Plaintiff's failure-to-hire and failure-to-transfer claims. In the remainder of Count IV, Plaintiff alleges that Defendant violated § 1983 when it failed to hire and/or transfer Plaintiff in August of 2003. Because failure-to-hire and failure-to-transfer claims stated causes of action under the original version of § 1981, *see, e.g., Price v. M & H Valve Co.*, 177 Fed. Appx. 1, 10 (11th Cir. 2006) (holding that § 1658 did not apply to a failure-to-promote claim brought pursuant to § 1981, because such a claim would have stated a cause of action under the original version of § 1981) (citing *Patterson*, 491 U.S. at 385), the remainder of Count IV does not

---

[6](...continued)
*See McKnight v. Metro. Police Dep't*, No. Civ. A. 00-2607, 2005 WL 486561, *2 (D.D.C. Mar. 1, 2005) (holding four-year catchall statute of limitations applied to § 1983 claim). Further, the Second Circuit Court of Appeals recently recognized that the four-year limitations period in § 1658 applies to § 1983 claims under certain circumstances. *See Harmon v. Patrolman's Benevolent Ass'n*, 199 Fed. Appx. 46, 48 (2d Cir. 2006) (unpublished disposition). The court respectfully disagrees with *Bryant v. Jones*, 464 F. Supp. 2d 1273, 1290-92 (N.D. Ga. 2006), *reconsideration denied*, No. 1:04-CV-2462-WSD, 2007 WL 113959 (Jan. 10, 2007), which held, under circumstances nearly identical to those in the case at bar, that § 1658 does not apply to § 1983 claims. The court disagrees with *Bryant*, because it does not apply the Supreme Court's definition of "arising under" in *Jones*.

[7] The lone exception to this conclusion is Plaintiff's allegation that Defendant subjected her to discrimination and a hostile work environment before November of 2002, because this is conduct outside the four-year limitations period. Plaintiff does not argue that any other exceptions to the statute of limitations apply.

"aris[e] under" the 1991 Act. Thus, the remainder of Count IV is outside the ambit of § 1658 and is subject to a two-year statute of limitations. *Cf. Waterman*, 446 F. Supp. 2d at 1025-26 & 1025 n.6 (discussing § 1658 and holding that it did not apply to a § 1983 action asserting violations of equal protection and due process rights under the federal constitution, because those constitutional provisions have remained unchanged for decades). Because these claims allegedly occurred outside of the two-year limitations period, the court shall grant the Second Motion in relevant part.[8]

### V. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.* District courts infrequently grant Rule 12(f) motions to strike. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

In the Second Motion, Defendant asks to strike paragraphs 4 (except the first sentence thereof),[9] 8-11, 32-34 and 53-67 of the Amended Complaint as "immaterial" or "impertinent" under Rule 12(f). Defendant also asks the court to strike paragraph "68,

---

[8] Again, Plaintiff does not argue that any exceptions to the statute of limitations apply.

[9] Defendant asks the court to strike all but the first sentence of paragraph 5, but in context it is clear that it seeks to strike all but the first sentence of paragraph 4.

15

to the extent that it repleads [p]aragraph 44 subparts A-H and J[,] 70[ and] 72" for the same reasons. Second Motion at 7.

Defendant does not explain with any particularity exactly why such portions of the Amended Complaint are immaterial or impertinent.[10] In any event, the court is not convinced that the continued presence of such portions of the Amended Complaint would prejudice Defendant. Accordingly, the court declines to grant the motion to strike. *See FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (stating that a motion to strike should generally not be granted absent a showing of irrelevance or prejudice) (cited with approval in *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)); *see also FRA S.p.A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976) ("Unless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant, the complaint should remain intact.").

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the Second Motion (docket no. 15) is **GRANTED IN PART AND DENIED IN PART** as set forth herein. Count I remains for trial. The portion of Count IV that alleges that Defendant engaged in racial discrimination, harassment and retaliation after November of 2002 in violation of § 1981 and thus violated § 1983 also remains for trial. Count II, Count III and the remainder of Count IV are dismissed with prejudice.

---

[10] The court notes that evidence that an employer failed to abide by an affirmative-action plan is relevant in a race discrimination case to show the defendant's discriminatory intent. *See, e.g., Craik v. Minn. State Univ. Bd.*, 731 F.2d 465, 472 (8th Cir. 1984); *Taylor v. Teletype Corp.*, 648 F.2d 1129, 1135 n.14 (8th Cir. 1981).

**DATED** this 27th day of June, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

17